IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00679-MEH

ENERGY ALCHEMY SOLUTIONS, LLC,

    Plaintiff/Counter Defendant,

v.

SWEETLIFE COMPANY,

    Defendant/Counter Plaintiff .

---

### ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's "Motion for Leave to File Amended Complaint" ("Motion"). ECF 38. Plaintiff seeks to amend its Complaint (ECF 1) to "account for a set of changed facts and circumstances that have recently occurred or come to light." Mot. at 2. Defendant opposes this proposed amendment, arguing Plaintiff failed to adequately confer and that the Motion was filed in bad faith, causes undue delay, and results in unfair prejudice. Resp. at 14, ECF 41. The Motion is fully briefed. For the described reasons, the Motion is **granted**.

### BACKGROUND

Plaintiff brings this case for declaratory judgment of non-infringement regarding certain trademarks used "to promote its digital media featuring advice related to mindset, relationships, personal and professional transformation; blank writing journals; and education services in the field of mindset, relationships, personal and professional transformation." ECF 1 at 1, ¶¶ 1–2. Specifically, Plaintiff alleges that it has "used and promoted its extensive family of SIGNATURE-formative trademarks since at least as early as August of 2016." *Id.* at 4, ¶ 15. Plaintiff contends

that Defendant has sent it letters, informing Plaintiff of its alleged infringement on Defendant's trademarks. *Id.* at 9–10, ¶¶ 29–33. In anticipation of a lawsuit filed against it,[1] Plaintiff brought this suit first.

Plaintiff filed its original Complaint on March 5, 2021. ECF 1. The Court set a scheduling conference for May 11, 2021. ECF 7. On May 6, 2021, the Court issued an order to convert the scheduling conference to a status conference due to no indication on the docket that Defendant had been served. ECF 8. At the status conference, for which only Plaintiff's counsel appeared, counsel notified the Court that the parties were working on a settlement agreement. ECF 9. The Court reset the scheduling conference for June 14, 2021 but ordered that the parties should notify the Court if settlement is reached. *Id.* A summons was returned executed, indicating Defendant had been served on June 2, 2021. ECF 11. Following this, at the parties' request, the Court reset the scheduling conference to July 8, 2021. ECF 12.

On June 21, 2021, the parties filed a notice of settlement. ECF 13. In response, the Court vacated the scheduling conference and directed the parties to file dismissal papers on or before July 22, 2021. ECF 14. The parties filed, and the Court granted, a motion to extend the deadline to file dismissal papers to July 29, 2021. ECF 21. On August 2, 2021, after no dismissal papers were filed, the Court issued an order directing the parties to file either dismissal papers or a status report updating the Court on settlement by August 6, 2021. ECF 22. Plaintiff filed a status report the next day, contending that the "parties have been unable to reach mutually agreeable settlement terms." ECF 23. The Court then rescheduled the scheduling conference and issued a Scheduling Order on September 30, 2021. ECF 36.

---

[1] The Court notes that Defendant has asserted counterclaims. ECF 26.

2

The Scheduling Order provides that the deadline for joinder of parties and amendment of pleadings is January 14, 2022. *Id.* at 9. Plaintiff filed the Motion on October 22, 2021. ECF 38. Plaintiff seeks to bring "affirmative claims for trademark infringement under the Lanham Act and corresponding state unfair competition law statutes to remedy and halt Defendant's attempt to claim and use Plaintiff's trademarks and unique branding message as its own." ECF 38-1 at 3. In particular, Plaintiff alleges that "new actions taken by Defendant in the short time since settlement discussions reached an impasse" necessitate amendment, including that Defendant launched a new marketing campaign using the disputed marks. ECF 42 at 1, 4.

## **LEGAL STANDARDS**

Because Plaintiff's Motion does not necessitate an amendment of the Scheduling Order, the Motion does not implicate Rule 16(b), which would require a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) ("This Circuit adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline." (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990))). As such, the Motion must only meet the Fed. R. Civ. P. 15 standards.

Rule 15 states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## ANALYSIS

Defendant opposes the Motion for four reasons: (1) Plaintiff failed to adequately confer; (2) the Motion causes undue delay; (3) the Motion causes unfair prejudice; and (4) the Motion was filed in bad faith. The Court will address each in turn.

**I.      Conferral**

This District's Local Rules mandate that parties must meaningfully confer before filing most motions.[2] Specifically, the Local Rules provide that prior to filing a motion, "counsel for the moving party . . . shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.Colo.LCivR 7.1(a). Here, the Motion indicates that "Plaintiff has conferred with the other side, twice [sic] and they have not indicated if they are going to oppose or not." ECF 38 at 1–2. Defendant rebuts this assertion, claiming that "Plaintiff sent Defendant several communications *demanding* compliance with various demands concerning Defendant's use of Defendant's own trademarks." Resp. at 3 (emphasis added). In demanding compliance, Defendant argues Plaintiff failed to properly engage in the conferral process.

To support this assertion, Defendant attaches email communications between the parties. In reviewing these, the Court agrees that Plaintiff did not engage in meaningful conferral. For

---

[2] The motions excepted from this rule are motions filed in cases involving an unrepresented prisoner and motions filed in all cases under Fed. R. Civ. P. 12, Fed. R. Civ. P. 56, and D.C.Colo.LAtty R 5(a) and (b). D.C.Colo.LCivR 7.1(b)(1)–(4).

example, in an email dated October 14, 2021, Plaintiff provided three bullet points of demands. Among these was a request for Defendant to "[a]gree [to not] oppose our motion to amend to add affirmative claims." ECF 41-2 at 6. Additionally, Plaintiff wrote, "we plan to include a claim for declaratory judgment cancelling your client's application for [the TRANSFORMATIONAL PROGRAM DESIGN] mark in our amended complaint. You will be able to consider our basis *at that time* and we can further discuss whether issue narrowing is possible with respect to that mark." *Id.* at 7 (emphasis added). Rather than engage in a process by which the parties could discuss resolving or narrowing issues, Plaintiff sent a list of demands and told Defendant it could evaluate its position after Plaintiff amended. The conferral requirement "is not satisfied by a party making a demand for compliance." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). Nor is there compliance with the Local Rule when the "conferral" communication "merely indicates an intention to file a motion . . . and does not suggest any negotiation or compromise." *Id.*

For this lack of meaningful conferral, Defendant wants the Motion denied with prejudice. Failure to confer is an independent basis to deny a motion. *Geiger v. Z-Ultimate Self Defense Studios, LLC*, No. 14-cv-00240-REB-NYW, 2015 WL 3396154, at *4 (D. Colo. May 26, 2015) But Defendant has not cited a case in which denial of a motion on this basis was with prejudice. *See id.*; *Sands v. Integon Nat'l Ins. Co.*, No. 2020 WL 8188184, at *4 (D. Colo. Mar. 9, 2020) (noting that failure to confer under Chief Judge Phillip A. Brimmer's practice standards may result in a motion being denied without prejudice or stricken, "not necessarily denied substantively").

Moreover, the Court must consider Rule 1 of the Federal Rules of Civil Procedures which commands that courts administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While

5

Defendant suggests that it "would have been more than willing to confer with Plaintiff"—something it must do under the Local Rules—the rest of Defendant's response indicates that conferral likely would not have resulted in a narrowing of the issues. In other words, Defendant raises numerous, vigorous defenses against the Motion. If the Court were to deny the Motion without prejudice now, it would simply result in the parties having to re-brief the issues and cause further delay in the Court issuing an order. That is inconsistent with Rule 1's mandate. *See Sands*, 2020 WL 8188184, at *4 (refusing to deny the motion without prejudice because "it would not be in the interest of the Parties or the administration of justice"). Therefore, the Court will proceed to the merits of the Motion.

However, before doing so, the Court stresses that the conferral rule is not a mere technicality. The parties *must* engage in meaningful conferral to narrow issues to be addressed by the Court. There is no requirement that the parties agree on every issue but simply sending a list of demands is inappropriate. Going forward, both parties are to provide a detailed account of conferral efforts in a certificate of conferral in every motion filed. Failure to do so will result in the denial of motions without further notice.

**II.    Undue Delay**

Defendant opposes the Motion on the basis of undue delay, pointing to the fact that Plaintiff filed this case nearly seven months before it filed its Motion. Because Plaintiff had ample opportunity to amend previously, Defendant argues that allowing "amendment now unquestionably causes undue delay." Resp. at 17. The Court disagrees. While the original Complaint was filed in March 2021, the parties were engaging in settlement negotiations. In fact, the Court believed this case to be settled until the status report filed on August 3, 2021. Further, the Court only entered the Scheduling Order on September 30, 2021. Plaintiff filed its Motion less

than a month after that and well within the time permitted for amendment of pleadings in the Scheduling Order. The Court finds no undue delay on these facts. *See Green v. Red Rock Ranch*, No. 18-cv-01122-WJM-KMT, 2019 WL 13036102, at *1 (D. Colo. Jan. 29, 2019) (finding no evidence of undue delay when plaintiff moved to amend before the scheduling order's deadline).

### III.     Undue Prejudice

In claiming that the proposed amendment causes undue prejudice, Defendant argues that Plaintiff is "attempting to unfairly reframe the entire litigation by asserting claims of willful infringement, which appear to be based on 'new' facts that conveniently support Plaintiff's self-serving theory of the case." Resp. at 17. Prejudice in this context arises when the amendment unfairly affects the opposing party "'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Gayer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

The proposed Amended Complaint does not significantly alter the subject matter of this case. True, Plaintiff will now assert a claim for willful trademark infringement. But this case has always concerned which party has priority over the disputed marks. Defendant contends that it "invested substantial time and money" in reliance on the claims in the original Complaint. "However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). Moreover, even if the proposed amendment necessitates additional fact-finding, discovery has just commenced. Discovery does not close until July 29, 2022, providing Defendant plenty of time to prepare its defense to the amendment. *Prima Partners, LLC v. Waterhouse*, No. 16-cv-02875-MEH, 2017 WL 10591352, at *4 (D. Colo. Apr. 25, 2017) (declining to find undue prejudice when "the case is in its relative

7

infancy and a trial has not been scheduled"). Accordingly, the Court does not find that there would be undue prejudice to Defendant in allowing amendment.

## IV. Bad Faith

Finally, Defendant opposes the Motion on grounds of bad faith. Defendant's allegations of bad faith, though, concern matters the Court has already addressed. Put differently, Defendant argues that Plaintiff's failure to confer, its delay in bringing the Motion, and its altering of the claims in this matter are all evidence of bad faith. The Court already explained why there is no undue delay or prejudice; naturally, there is not bad faith under those same analyses. As to the failure to confer, while the Court agrees Plaintiff failed to meet that requirement, the Court does not find that Plaintiff did so in bad faith. Even if it did, the Court is "limited to inquiring 'whether the motion to amend itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith.'" *Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2020 WL 7223458, at *4 (D. Colo. Dec. 8, 2020) (quoting *Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2016 WL 11184883, at *11 (D. Colo. Oct. 26, 2016)). Specifically, "[b]ad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled." *Id.* Defendant has not argued, and the Court does not find, that allegations in the Amended Complaint cannot be reconciled with those in the original Complaint. Thus, the Court does not find bad faith in the filing of the Motion.

## **CONCLUSION**

Accordingly, in the interest of justice, Plaintiff's Motion [filed October 22, 2021; ECF 38] is **granted**. Plaintiff shall file a clean copy (*i.e.*, no strike throughs or underlines) of the Amended Complaint on or before November 24, 2021.

8

Entered and dated at Denver, Colorado, this 22nd day of November, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge